## CIRCUIT COURT OF FAIRFAX COUNTY

Bobby McIntyre et al.

v.

Brian Wright

December 16, 1993

Case No. (Law) 111793

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the plaintiff's motion for default judgment. For the reasons set forth below, the plaintiff's motion for default judgment is denied.

*Facts*

Plaintiff filed suit against the defendant alleging damages arising out of an automobile accident which occurred in Virginia. After unsuccessful attempts at serving the defendant in person at a Virginia address and by substituted service, the plaintiff filed an affidavit of nonresidence stating the following:

> 2. That upon information and belief, at the time of the accident the Defendant was a resident of the state of Virginia, with an address of: 10706 School Street, Fairfax, Virginia 22030.
> 3. That service has been attempted at said address and was returned as "not found-moved."
> 4. That upon information and belief, the Defendant has moved to the state of Maryland and presently resides at the following address: 1214 Lewis Avenue, Annapolis, Maryland 24140.

The plaintiff served the Commissioner of the Department of Motor Vehicles pursuant to § 8.01–308 Code of Virginia. The Commissioner then filed an affidavit of compliance in which he certified that process,

consisting of the Notice of Motion for Judgment, was forwarded by certified mail to:

> Brian Wright, 10706 School Street, Fairfax, Virginia, 22030 said address(es) being furnished as the last known post office address(es) of the defendant(s), delivery receipt(s) for same being requested.

## Discussion

The plaintiff maintains that the defendant was properly served with process, that the defendant failed to timely file an answer with the Court, and thus the plaintiff's motion for default judgment should be granted, pursuant to Rule 3:17 of the Rules of the Supreme Court of Virginia.

The validity of service in this case is governed by Va. Code Ann. §§ 8.01–307, 8.01–308, 8.01–312, and 8.01–313. The Court finds that the defendant was not properly served with process pursuant to these statutes, and therefore, the plaintiff's motion for default judgment is denied.

Section 8.01–307 defines a "nonresident" as:

> any person who, though a resident of the Commonwealth when the accident or collision . . . occurred, has been continuously outside the Commonwealth for at least sixty days next preceding the date when process is left with the Commissioner of the Department of Motor Vehicles or the Secretary of the Commonwealth and includes any person against whom an order of publication may be issued under the provisions of § 8.01–316.

Va. Code Ann. § 8.01–307.

The Court finds that the defendant meets the definition of "nonresident" under § 8.01–307. A nonresident may be served with process pursuant to § 8.01–308 Code of Virginia. Under § 8.01–308 the Commissioner of the Department of Motor Vehicles is appointed the statutory agent for the purpose of service of process on nonresidents in certain situations:

> any operation in the Commonwealth of a motor vehicle by a nonresident . . . shall be deemed equivalent to an appointment by such nonresident of the Commissioner of the Department of Motor Vehicles . . . to be the attorney or statutory agent of

such nonresident for the purpose of service of process in any action against him growing out of any accident or collision in which such nonresident . . . may be involved while operating motor vehicles in this Commonwealth.

Va. Code Ann. § 8.01–308.

Since the defendant was a nonresident operating a motor vehicle in the Commonwealth at the time of the accident, the Commissioner was appointed as the defendant's statutory agent for the purpose of receiving service of process by operation of § 8.01–308. Whether service on the Commissioner was valid is determined by § 8.01–312 which defines the effect of service on statutory agents:

Service of process on the statutory agent shall have the same legal force and validity as if served within the Commonwealth personally upon the person for whom it is intended.

Provided that such agent shall forthwith send by registered or certified mail, with return receipt requested, a copy of the process to the person named therein and for whom the statutory agent is receiving the process.

Provided further that the statutory agent shall file an affidavit of compliance with this section with the papers in the action; this filing shall be made in the office of the clerk of the court in which the action is pending.

*Unless otherwise provided by § 8.01–313* and subject to the provisions of § 8.01–316, the address for the mailing of the process required by this section shall be that as provided by the party seeking service.

Va. Code Ann. § 8.01–312. (Emphasis added.)

This case is subject to § 8.01–313 which provides: "for the statutory agent appointed pursuant to §§ 8.01–308 and 8.01–309, the address for the mailing of the process as required by § 8.01–312 *shall* be the last known address of the nonresident". Va. Code Ann. § 8.01–313. (Emphasis added.)

The Court finds that the Commissioner sent by certified mail, with return receipt requested, a copy of the process to the defendant and that the Commissioner filed an affidavit of compliance as required by § 8.01–312 Code of Virginia. However, the Court further finds that the defendant's last known address (and the address provided by the party seeking service) is the Maryland address. Yet, the Commissioner

mailed a copy of the process to a Virginia address at which plaintiff had already unsuccessfully attempted service. Thus, process was not mailed to the defendant's last known address as required by § 8.01–313. Nor, indeed, was it even mailed to the address provided to the Commissioner by the plaintiff should § 8.01–312 be applied. As such, Mr. Wright was never properly served. Therefore, the Court is without jurisdiction to enter a default judgment in this case, and the plaintiff's motion for default judgment is denied.

Since the defendant was not properly served, he is not in default and thus has not waived all objections to the admissibility of evidence.

Mr. Wright did appear at the scheduled trial date. That constituted a general appearance by him. Therefore the order shall require that he file responsive pleadings to the motion for judgment within twenty-one days of entry of the order.